UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>[2] OMAR RAMOS-AVILES,<br>Defendant. | CRIMINAL NO. 25-274 (CVR) |

UNITED STATES' SENTENCING MEMORANDUM

TO THE HONORABLE COURT:

COMES NOW the United States of America, through the undersigned attorney, and submits this sentencing memorandum in aid of the Court for the purposes of sentencing the above-captioned defendant.

1. The United States Sentencing Recommendation

The United States respectfully recommends the Court impose a sentence of three years of probation.

2. Statutory Penalties

The maximum statutory penalties for an offense under 18 U.S.C. § 1001(a) are up to five years of imprisonment, a fine not to exceed $250,000 under 18 U.S.C. § 3557, or both. The Court may impose up to three years of supervised release pursuant to 18 U.S.C. § 3583(b)(2). Additionally, there is a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A).

3. <u>Guideline Calculations</u>

| **SENTENCING GUIDELINES CALCULATION COUNT ONE** 8 U.S.C. § 1326(a) | | | | | |
|---|---|---|---|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2B1.1(a)(2) | | | | | 6 |
| Certain zero-point offenders: U.S.S.G. §4C1.1(a) | | | | | -2 |
| Acceptance of Responsibility: U.S.S.G.§ 3E1.1 | | | | | -2 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | | | | | **2** |
| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
| 0–6 | 0–6 | 0–6 | 0–6 | 0–6 | 1–7 |

4. <u>Summary of Facts of Criminal Conduct</u>

On September 8, 2024, the defendant was aboard a vessel interdicted by a United States Customs and Border Protection Air and Marine Operations unit from Fajardo, Puerto Rico, as it approached Villa Marina Harbor in Fajardo. During an interview with Air and Marine Operations personnel, the defendant falsely stated that he was traveling from Culebra, Puerto Rico, knowing this was untrue because he and the other individuals aboard the vessel had traveled from St. Thomas, U.S. Virgin Islands.

While Air and Marine Operations personnel were interviewing the defendant and the other occupants who had traveled with him from St. Thomas to Puerto Rico, an agent observed a black backpack floating near the dock where the interviews were taking place. The backpack was retrieved from the water and inside were 15 sealed bricks later confirmed to contain cocaine.

The investigation revealed that one of the other occupants of the vessel had boarded it in St. Thomas carrying the backpack.

5. Sentencing Procedure, 18 U.S.C. § 3553 Factors

District courts should follow a standard procedure when sentencing defendants. That standard was set forth in *Gall v. United States*, 552 U.S. 38 (2007). According to that precedent, the district court's "starting point" is to determine the advisory sentencing range under the Guidelines. *Id.* at 49. That includes resolving any objections to the presentence report. *United States v. Laureano-Perez*, 797 F.3d 45, 80 (1st Cir. 2015). The parties then present their arguments on what they believe is the appropriate sentence. *Gall*, 552 U.S. at 49. After that, the district court must weigh the factors in section 3553(a) to determine whether they support the sentences requested by the parties. *Id.* A district court errs in performing this procedure by treating the Guidelines as obligatory rather than advisory, *id.* at 51, or presumptively reasonable, *United States v. Nelson*, 555 U.S. 350, 352 (2009) (per curiam). The district court is required to provide an explanation for the sentence it determines is appropriate; that allows for meaningful appellate review and promotes the perception of fair sentencing. *Gall*, 552 U.S. at 50.

Pursuant to 18 U.S.C. § 3553(a), a sentencing court must consider the following factors when imposing a sentence:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established ...

(5) any pertinent policy statement—

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

In weighing the factors set forth in 18 U.S.C. § 3553(a), the United States considered that the instant offense is non-violent and this is his first conviction.

The United States also considered that Defendant's statements were made during an investigation that uncovered 15 bricks of cocaine being smuggled into Puerto Rico.

The Government submits that a sentence of three years of probation constitutes a just punishment that reflects the seriousness of the offense without imposing a

sentence greater than necessary while accounting for Defendant's personal history and characteristics. Such a sentence provides adequate specific deterrence to this Defendant and serves as a general deterrent to others who might consider engaging in similar unlawful reentry conduct. It also avoids unwarranted sentencing disparities and satisfies the statutory parsimony principle.

6. Conclusion

For the reasons above, the Government respectfully recommends a sentence of three years of probation.

RESPECTFULLY SUBMITTED,

In San Juan, Puerto Rico, on September 16, 2026.

Héctor E. Ramírez-Carbó
Acting United States Attorney

*/s/ Cody A. McKinney*

Cody A. McKinney
USDC #G04371
Special Assistant United States Attorney
United States Attorney's Office
Torre Chardón, Suite 1201
350 Carlos Chardón Street
San Juan, Puerto Rico 00918
Email: cody.mckinney@usdoj.gov
Tel. (787) 766-5656

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this September 16, 2026, I electronically filed theforegoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

*/s/ Cody A. McKinney*
Cody A. McKinney
Special Assistant United States Attorney
USDC #G04371